C. A. D .492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content under T. D. 53159" in the schedule attached to and made a part of the decision in this case.

**No. 57777.**—W. N. Proctor Company *v.* United States, protests 203057–K, etc. (Boston).

Opinion by OLIVER, C. J.  It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159.  Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.  Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content under T. D. 53159" in the schedule attached to and made a part of the decision in this case.

**No. 57778.**—Ciba Pharmaceutical Products, Inc. *v.* United States, protest 208251–K (New York).

Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the merchandise in question is not obtained, derived, or manufactured, in whole or in part, from any of the products mentioned by name in either paragraph 27 or 1651, and that it is a medicinal preparation, has therapeutic properties, is chiefly used for medicinal purposes, and is not a drug of animal or vegetable origin, the claim of the plaintiff was sustained.

**No. 57779.**—Ciba Pharmaceutical Products, Inc. *v.* United States, protest 212518–K (New York).

Opinion by OLIVER, C. J.  In accordance with stipulation of counsel that the merchandise in question is not obtained, derived, or manufactured, in whole or in part, from any of the products mentioned by name in either paragraph 27 or 1651, and that it is a medicinal preparation, has therapeutic properties, is chiefly

used for medicinal purposes, and is not a drug of either animal or vegetable origin, the claim of the plaintiff was sustained.

**No. 57780.**—International Models, Inc., and Victory Shipping Co., Inc. *v.* United States, protests 156236–K, etc. (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of model trains and parts, in chief value of metal, similar in all material respects to the merchandise the subject of *International Models, Inc.* and *Victory Shipping Co., Inc.* v. *United States* (31 Cust. Ct. 24, C. D. 1541), the claim of the plaintiffs was sustained.

**No. 57781.**—Mrs. J. A. Middleton, Jr. *v.* United States, protest 202248–K/3959 (Chicago).

Opinion by OLIVER, C. J.   An examination of the official papers failing to disclose any reason for disturbing the action of the collector, which was presumptively correct, the protest was overruled.

BEFORE THE SECOND DIVISION, JANUARY 20, 1954

**No. 57782.**—Import Export Service of N. J. and Daggett & Ramsdell, Inc. *v.* United States, protest 166371–K (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of a powder filling machine the same in all material respects as that the subject of *Yardley of London, Inc.* v. *United States* (30 Cust. Ct. 37, C. D. 1495), the claim of the plaintiffs was sustained.

**No. 57783.**—Felix Kramarsky Corporation *v.* United States, protests 174998–K, etc. (New York).

Opinion by LAWRENCE, J.   It was stipulated that the merchandise consists of scrap metal in ingot form of which ferrous or nonferrous metal is the component material in chief value and that said ingots are made from metal waste and obsolete metal materials and are fit only for remanufacture. Upon the agreed